JUSTICE RICE,
concurring.
¶34 The Court discusses the Funk holding at length, Opinion, ¶¶ 22-28, but ultimately concludes, as it must, that the District Court did not misapply Funk. Indeed, the District Court meticulously explained and carefully applied Funk, our other holdings, and the statutes, and the Court can point to no error in its legal analysis. Instead, the Court reverses based upon what is, in reality, only a subjective feeling that the property distribution simply is not equitable. Opinion, ¶ 31. While I reluctantly join the Court’s decision, it is not without misgivings about the propriety of second-guessing the District Court’s judgment, *367 and I believe several points should be clarified.
¶35 This case presented the District Court with numerous contrasting equities that it wrestled with extensively. Basically, Trusler was a wage earner for most of the parties’ relationship, having little ownership interest in the ranch until late in the marriage. Long before then, Richards had moved to Broadus and had ceased to be involved in the ranch operations. Trusler supported the family household in Broadus by providing Richards with $2,330 per month for over 10 years. The Court generously credits Richards with performing ranch tasks “at times without compensation,” Opinion, ¶ 5, but the District Court clearly found that Richards had received a wage for all of her ranch work except for “occasionally cook[ing] meals for work crews,” leading it to conclude that “the extent and contribution of her work” on behalf of the ranch “was relatively minor.” The bulk of the value of the marital estate was from land that Trusler inherited, and the Court cannot fault the District Court’s handling of this property under Funk. The Court uses the value of the inherited land interest to present a stark value contrast between the parties’ distributions, but it should be clarified, first, that Richards made no claim at all to a significant portion of it, valued at about $412,000. Further, a difference in value alone does not necessarily render the distribution inequitable. We clearly held in Funk that the district court has discretion to distribute inherited property to a single party if the evidence supports such a result. Funk, ¶¶ 19, 32. In its initial decision, the District Court found a number of reasons in the evidence to award the property to Trusler, and even though the Court is returning the case for a revised distribution, those reasons remain valid considerations.
¶36 What convinces me to join the Court’s opinion is the District Court’s findings that Richards’ work in the family home during the course of the relationship, including attending to the needs of the parties’ disabled son, TR, “supported [Trusler] and his work as a ranch hand, and allowed [Trusler] to work outside the home ... .” Richards’ provision of TR’s extensive care, at the expense of any of her own career interests, enabled Trusler to dedicate his efforts to the ranch that ultimately resulted in his gaining an extensive ownership interest in it. Consequently, I agree that Richards is entitled to sufficient support for a sufficient time to enable her to adjust to the changed circumstances of her fife brought about by both the dissolution of the marriage and the passing of TR.